MARGARET A. MOESER, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
BARBARA Y. LEVY, Trial Attorney
SEAN M. FERN, Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 353-9759
   Email:  Barbara.Levy@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CV-7076-DSF (MARx) |
| Plaintiff, | **GOVERNMENT'S APPLICATION FOR CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| ONE DRAWING ENTITLED "TROIS FEMMES NUES ET BUSTE D'HOMME" BY PABLO PICASSO, AND ALL FUNDS AND ASSETS, INCLUDING SECURITIES AND INVESTMENTS, ON DEPOSIT IN ONE SWISS BANK S.A. ACCOUNT NUMBER '5470, | |
| Defendants *in rem*. | |

Plaintiff United States of America (the "Government"), by and through its respective undersigned counsel, respectfully requests that the Court enter the [Proposed] Consent Judgment of Forfeiture lodged contemporaneously herewith. In support thereof, the Government states as follows:

**I.   BACKGROUND**

1.   On August 28, 2023, the Government initiated the present action (the "Action") alleging that the defendant assets: (i) One Pencil on Paper Drawing entitled "Trois Femmes

1

Nues et Buste D'Homme" by Pablo Picasso (the "Trois Femmes Nues Drawing"), and (ii) All Funds and Assets, Including Securities and Investments, On Deposit in ONE Swiss Bank S.A., Account Number Ending in 5470, held in the name of Glen Vine Partners Limited in Switzerland (the "Glen Vine Account," and together with the Trois Femmes Nues Drawing, the "Defendant Assets"), are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981 (a)(1)(C). (DN 1.)  The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.

    2.   Beginning on or around March 5, 2024, attorneys from the firm AmerBON Advocates representing known potential claimant "Jasmine" Ai Loo Swan ("Loo") in Malaysia contacted the Government to convey Loo's intent to forfeit the Defendant Assets to the United States.  On or about May 27, 2024, Loo executed a notarized affidavit[1] which represented, among other things, that as "the sole beneficial owner" of the Defendant Assets, she was "hereby relinquish[ing] any and all right, title, and interest that [she] may have in the Defendant Assets." (Ex. A ¶¶ 1, 3.)  Loo further asserted that she "agree[s] and consent[s] to the forfeiture of the Defendant Assets to the United States so that they, or their liquidated proceeds, if appropriate and authorized by law, may be returned and used for the benefit of the people of Malaysia []." (*Id.* ¶ 3.)

---

[1] Counsel for Loo represents that a true and correct copy of the affidavit is attached hereto as Exhibit A.

3.     Loo further represented that, "to the best of my knowledge, no other persons or entities may assert any right or interest in any of the Defendant Assets," and the "allegations set out in the operative complaint in the Action, if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Assets." (*Id.* ¶ 8.)

4.     In connection therewith, the United States has agreed to release the total sum of USD $25,000.00, without interest (the "Released Funds") to one or more account(s) as directed by AmerBON Advocates. (*Id.* ¶¶ 3, 5.)  The Released Funds shall be drawn from a portion of the net liquidated proceeds received by the United States Marshals Service ("USMS") in connection with the Defendant Assets in the Action, and shall be paid to AmerBON Advocates no later than 30 days after the USMS receives the liquidated proceeds of the Defendant Assets in the Action.  (*Id.* ¶¶ 4-5.)  Loo has agreed that, under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to her. (*Id.* ¶ 6.)

5.     The Government has further agreed that it shall not now nor in the future institute any action against AmerBON, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, nor any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of AmerBON's receipt of the Released Funds. (*Id.* ¶ 7.)

6.     Entry of the [Proposed] Consent Judgment of Forfeiture shall resolve all of the Government's civil, criminal and

administrative asset forfeiture actions or proceedings relating to the Defendant Assets in the Action.  (*Id.* ¶ 10.)  The U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section agree to be bound by the [Proposed] Consent Judgment of Forfeiture and the doctrine of res judicata and collateral estoppel. (*Id.*)

7.   Nothing in the affidavit executed by Loo, this Application or the [Proposed] Consent Judgment of Forfeiture is intended to be or should be interpreted as an admission of fault, wrongdoing, liability, or guilt on Loo's part, nor shall the affidavit executed by Loo, this Application or the [Proposed] Consent Judgment of Forfeiture be admissible against Loo in the Action, or any parties in the other related 1MDB civil forfeiture actions as evidence of any of the allegations set out in the operative complaint in the Action or the other related 1MDB civil forfeiture actions.  (*Id.* ¶ 11.)

8.   No claims to the Defendant Assets have been filed, and the time for filing claims has expired.  On April 3, 2024, a Default by Clerk was issued.  (DN 15.)

## II.  **RELIEF REQUESTED**

9.   Given the express language of the Loo Affidavit cited above, there can be no dispute that Loo, as the sole beneficial owner of the Defendant Assets, has consented to their forfeiture.  "A court can only decipher the parties' intent based on the face of the stipulation."  Kapusta v. Gale Corp., 457 F. Supp. 2d 1051, 1060 (E.D. Cal. 2006); see also Gamble v.

4

Boyd Gaming Corp., 2014 WL 1331034, at *2 (D. Nev. Apr. 1, 2014) (finding the parties' intent clear from the parties' stipulation and the court's order entering the stipulation).

10. Additionally, since the Government filed the Verified Complaint *In Rem* in this action nearly a year ago, no claims have been filed, and the time for doing so has expired. Moreover, no party has come forward requesting leave to file a late claim, and a Default by Clerk has been entered. Loo has stipulated and agreed in her affidavit that if assumed to be true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Asset. See Ex. A, ¶ 8. Accordingly, entry of the [Proposed] Consent Judgment of Forfeiture will resolve all potential claims to the Defendant Asset and is dispositive of this action.

11. Nothing in this Application or [Proposed] Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Assets.

/ / /

/ / /

**III. CONCLUSION**

12. For the foregoing reasons, the Government respectfully requests that the Court enter the [Proposed] Consent Judgment of Forfeiture lodged herewith.

DATED: July 17, 2024

                                  Respectfully submitted,

                                  MARGARET A. MOESER
Chief, Money Laundering and
Asset Recovery Section (MLARS)

*/s/ Barbara Levy*
BARBARA Y. LEVY
SEAN M. FERN
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA