JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 2:23-CV-7076-DSF (MARx) |
| Plaintiff, | ) **CONSENT JUDGMENT OF FORFEITURE** |
| v. | ) |
| ONE DRAWING ENTITLED "TROIS FEMMES NUES ET BUSTE D'HOMME" BY PABLO PICASSO, AND ALL FUNDS AND ASSETS, INCLUDING SECURITIES AND INVESTMENTS, ON DEPOSIT IN ONE SWISS BANK S.A. ACCOUNT NUMBER '5470, | ) |
| Defendants *in rem*. | ) |

**I.    INTRODUCTION**

1.    Plaintiff United States of America (the "Government") has made an Application (the "Application") for the entry of this Consent Judgment, which is dispositive of this action.

2.    Potential claimant "Jasmine" Ai Loo Swan ("Loo") has executed an affidavit (Exhibit A to the Application, hereinafter "Ex. A") confirming her consent to forfeit the Defendant Assets to the United States.  In this affidavit, Loo represented, among other things, that as "the sole beneficial owner" of the Defendant Assets,

she was "hereby relinquish[ing] any and all right, title, and interest that [she] may have in the Defendant Assets," and "agree[s] and consent[s] to the forfeiture of the Defendant Assets to the United States so that they, or their liquidated proceeds, if appropriate and authorized by law, may be returned and used for the benefit of the people of Malaysia []." (Ex. A ¶¶ 1, 3.)  Loo further represented that, "to the best of my knowledge, no other persons or entities may assert any right or interest in any of the Defendant Assets," and the "allegations set out in the operative complaint . . . if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Assets." (*Id.* ¶ 8.)

3.   The present action was commenced on August 28, 2023, against the Defendant Asset.  On April 3, 2024, a Default by Clerk was entered.

**II.   FINDINGS**

4.   The Court, having considered the Application and the Related Stipulation, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES, AND DECREES:

5.   For purposes of this Consent Judgment, this Court has jurisdiction over this action.  The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.  No claims to the Defendant Assets were filed, the time for filing claims has expired, and no potential claimant has moved for leave to file a late claim. Entry of this Consent Judgment will resolve all claims of all potential claimants with respect to the Defendant Assets and is dispositive of this action.  If assumed to be true, the allegations set out in the operative complaint are

sufficient to establish a basis for forfeiture of the Defendant Assets.

6.   Nothing contained in this Consent Judgment or the underlying Application or affidavit is intended to be or should be interpreted as an admission of fault, wrongdoing, liability, or guilt on Loo's part, nor shall this Consent Judgment or the underlying Application or affidavit be admissible against Loo in the action, or any parties in the other related 1MDB civil forfeiture actions as evidence of any of the allegations set out in the operative complaint in the action or the other related 1MDB civil forfeiture actions. The entry of this Consent Judgment shall resolve all of the Government's civil, criminal and administrative asset forfeiture actions or proceedings relating to the Defendant Assets in the Action.  The U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section agree to be bound by the [Proposed] Consent Judgment of Forfeiture and the doctrine of res judicata and collateral estoppel.  Nothing in this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Assets.

7.   Upon entry of this Consent Judgment, all right, title and interest of any potential claimant in and to the Defendant Assets shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment.  The government shall dispose of the Defendant Asset according to law.

8.   The United States shall release the total sum of USD $25,000.00, without interest (the "Released Funds") to one or more account(s) as directed by Loo's counsel, AmerBON Advocates.  The Released Funds shall be drawn from a portion of the net liquidated proceeds received by the United States Marshals Service ("USMS") in connection with the Defendant Assets in the Action, and shall be paid to AmerBON Advocates no later than 30 days after the USMS receives the liquidated proceeds of the Defendant Assets in the Action.  Under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to her.

9.   The Government has further agreed that it shall not now nor in the future institute any action against AmerBON, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, nor any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of AmerBON's receipt of the Released Funds.

10.  The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Consent Judgment of Forfeiture.

IT IS SO ORDERED.

DATED:   July 22, 2024

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE